NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO V. MUNOZ,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JAMES TILTON, et al.,<br><br>　　　　　　Defendants. | Case No.: 5:07-cv-03846-EJD<br><br>**ORDER GRANTING REQUEST THAT THE COURT SCREEN THE FIRST AMENDED COMPLAINT AND DIRECTING DEFENDANTS TO RESPOND**<br><br>(Re: Docket No. 26) |

　　　　Pending before the court is Defendants' request that the court screen the Plaintiff's First Amended Complaint ("FAC") pursuant to 28 U.S.C. § 1915A. Docket No. 26. Armando V. Munoz ("Plaintiff") filed the instant civil rights action pursuant to 42 U.S.C. §§ 1983 and 2000cc against California state prison officials, Defendants James Tilton, et al. ("Defendants"). For the reasons stated below, the court grants Defendants' request to screen the complaint, finds the FAC states a cognizable claim for relief, and directs Defendants to respond to the FAC.

### I. BACKGROUND

　　　　Plaintiff, proceeding *pro se*,[1] filed the instant complaint on July 27, 2007. On February 22, 2008, the court conducted a preliminary screening of the complaint and ordered that it be

---

[1] Plaintiff was subsequently represented by counsel.

1
CASE NO. 5:07-CV-03846-EJD
ORDER GRANTING REQUEST THAT THE COURT SCREEN THE FIRST AMENDED
COMPLAINT AND DIRECTING DEFENDANTS TO RESPOND

served. On March 26, 2009, Judge Fogel granted Defendants' motion to dismiss the Complaint and granted Plaintiff leave to amend. On May 29, 2009, Plaintiff filed the FAC.

The crux of the allegations in the FAC is that Defendants withheld religious compact discs mailed to Plaintiff, who is incarcerated and in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), because the compact discs ("CDs") are not from a vendor pre-approved by the CDCR per Article 43 of the Department Operations Manual. Tapes and CDs from the vendor list are permitted to enter the prison. As a result, Plaintiff alleges that Defendants violated his right to the free exercise of religion under the First Amendment to the United States Constitution and the Religious Land Use of Institutionalized Persons Act of 2000 ("RLUIPA").

On October 23, 2009, Defendants filed a request that the court screen the FAC under 28 U.S.C. § 1915A. On October 30, 2009, Plaintiff filed an opposition to that request. On September 27, 2011, this case was reassigned to the undersigned.

## II. LEGAL STANDARDS

Federal courts must review, before docketing, "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Id. § 1915A(c). In conducting preliminary screenings, courts must identify cognizable claims or dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2).

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) "the violation of a right secured by the Constitution and laws of the United States," and (2) "the alleged deprivation was committed by a person acting under color of state law." West v. Atkins,

487 U.S. 42, 48 (1988) (citing <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981)).  Having reviewed the FAC, the court finds that Plaintiff's allegations state a cognizable claim that the Defendants violated Plaintiff's First Amendment rights to the free exercise of religion and free speech by restricting his possession of religious materials in prison.

RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden furthers "a compelling governmental interest" and does so by "the least restrictive means." <u>Cutter v. Wilkinson,</u> 544 U.S. 709, 715 (2005) citing 42 U.S.C. § 2000cc-1(a). To state a claim under RLUIPA, Plaintiff must allege that: (1) restrictions on possession of religious materials in prison are a substantial burden on the exercise of his religion; (2) Defendants do not have a compelling governmental interest that is furthered by restricting Plaintiff's possession of religious materials in prison; and (3) Defendants are not using the least restrictive means possible to achieve such an interest.  42 U.S.C. § 2000cc-1(a).  "By its terms, RLUIPA is to be construed broadly in favor of protecting an inmate's rights to exercise his religious beliefs." <u>Warsoldier v. Woodford</u>, 418 F.3d 989, 995 (9th Cir. 2005) (citing 42 U.S.C. § 2000cc-3(g)).  Having reviewed the FAC, the court finds that Plaintiff's allegations state a cognizable claim that the Defendants violated rights under RLUIPA by restricting his possession of religious materials in prison.

### IV. CONCLUSION

IT IS HEREBY ORDERED that Defendants shall respond to the FAC by filing either an answer or a motion pursuant to Fed. R. Civ. P. 12 no later than April 30, 2012.


Dated: O ctej "37."4234

_____
EDWARD J. DAVILA
United States District Judge

3
CASE NO. 5:07-CV-03846-EJD
ORDER GRANTING REQUEST THAT THE COURT SCREEN THE FIRST AMENDED COMPLAINT AND DIRECTING DEFENDANTS TO RESPOND